UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICKEY LOUIS ALFORD,<br><br>    Petitioner,<br><br>   v.<br><br>HAWS, Warden,<br><br>    Respondent. | Case No. CV 09-4458-MMM(AJW)<br><br>MEMORANDUM AND ORDER<br>DISMISSING PETITION |

Petitioner filed this petition for a writ of habeas corpus on June 22, 2009.[1] For the following reasons, the petition is subject to summary dismissal.

To begin with, the Court cannot discern the factual or legal basis for petitioner's claims. The petition alleges the following as grounds for relief:

---

[1] Petitioner has filed more than twenty actions in this Court. Many of the more recent cases have been dismissed for reasons similar to those which render the present petition subject to dismissal. See, e.g., Case Nos. CV 00-7562-AHM(AJW), CV 01-4278-MMM(AJW), CV 01-5115-CBM(AJW), CV 01-9763-GHK(AJW), CV 02-4428-GLT(AJW), CV 03-2509-MMM(AJW), CV 03-4931-TJH(AJW), CV 05-5986-RMT(AJW), CV 05-8656-RMT(AJW). In one, however, the Court appointed counsel for petitioner, and petitioner obtained relief in the form of sentence credits. See Case No. CV 04-4970-RMT(AJW).

1. Richard West atty and DMH in Salinas Prison, attacked Brian Pomerantz Fed Pub Def. West and psych staff with Warden of Salinas Valley State Prison bribery of attackers pay to produce great bodily harm to Pomerantz when arguments of 1260 credit loss.

2. Obstruction of justice to hurt Brian Pomerantz by CDCR, Director of Corr. Bribery of agents or informers to attack Pomerantz June to August 07 while under a Federal Court Order to restore 1260 days credit loss, Richard West & DMH psych are abettors.

3. Parole Agent Rodney McElvaine had Ashley Wilson poison petitioner mother. Rodney McElvaine wrote a report to cover up toxic poison of Mrs. Vivian Ann Kilson Jan 29 09, and had Sheriff Deputies arrest with no probable cause, bribery and obstructing justice exist to assault.

4. When released on June 4, 2008, two cars were totaled-out at my mother home. CDCR totaled-out one car June 1st, 08, and second car about a week prior. Rodney McElvaine conspirator aider and abettor.

5. Two parole violations, both times no witnesses, but fraud & cover-up. Brian Pomerantz interview Lawrence Rosenberger atty at BPH, he made statements he was not allowing witnesses, first violation, inciting a riot that never happened.

[Petition at 5-6].

Rule 4 of the Rules Governing Section 2254 Cases provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief

1 | in the district court, the judge shall make an order for its summary
2 | dismissal...." Summary dismissal pursuant to Rule 4 is appropriate
3 | only where the allegations in the petition are "vague or conclusory,"
4 | "palpably incredible," or "patently frivolous or false." Hendricks v.
5 | Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v.
6 | Allison, 431 U.S. 63, 75-76 (1977)). As pleaded, the petition filed
7 | in this case is subject to summary dismissal because the allegations
8 | are vague, conclusory, and frivolous. See Rule 2(c) of the Rules
9 | Governing Section 2254 Cases (providing that a habeas petition must
10 | specify the grounds for relief and shall set forth in summary form the
11 | facts supporting those grounds); O'Bremski v. Maas, 915 F.2d 418, 420
12 | (9th Cir. 1990) (explaining that "notice pleading is not sufficient,"
13 | and that the petition must state facts pointing to a "real possibility
14 | of constitutional error")(citations omitted), cert. denied, 498 U.S.
15 | 1096 (1991).
16 |     Further, to the extent that petitioner's allegations are
17 | comprehensible, most do not appear to be related to the constitutional
18 | validity of a particular conviction, sentence, or parole revocation.
19 | Accordingly, these allegations cannot serve as a basis for federal
20 | habeas relief. See Preiser v. Rodriquez, 411 U.S. 475, 498-499 (1973)
21 | (explaining that habeas corpus proceedings are the proper and
22 | exclusive mechanism for a prisoner to challenge the fact or duration
23 | of his confinement). In addition, there is no indication that
24 | petitioner has exhausted his state remedies as to any of his claims.
25 | ///
26 | ///
27 | ///
28 | ///

For the foregoing reasons, the petition is dismissed without prejudice to petitioner's ability to file a petition properly alleging intelligible grounds for federal habeas corpus relief.

Dated: August 21, 2009

Margaret M. Morrow
United States District Judge